PER CURIAM:
Claimant brought this action for damage to her 2003 Dodge Neon which occurred when she was traveling on County Route 39 near Swiss in Nicholas County, and the vehicle struck a large hole in the road. Respondent was responsible at all times herein for the maintenance of County Route 39. The Court is of the opinion to deny this claim for the reasons set forth more fully below.
The incident giving rise to this claim occurred on February 21, 2003, at *65 approximately 10:30 p.m. Claimant, her fiancee, and brother had traveled from Summersville to Charleston to do some shopping. Claimant was driving back to Summersville from Charleston. Her fiancee was seated in the front seat and her brother was seated in the back seat. It was dark outside and it had been raining. Although it had stopped raining, the road surface was saturated and there was standing water at some locations on the road. County Route 39 at the location of this incident is a two-lane asphalt highway with a double yellow line and white lines on both edges. Claimant slowed the vehicle as she drove around a left curve in the road just above Swiss Road towards Summersville. As she drove out of the curve, she saw a large hole in the travel portion of the road just as both right side tires went through the hole. Claimant stated that the hole was j ust left of the white edge line and that both right side tires struck the center of the hole. She maneuvered the vehicle to the berm of the road where she discovered that both tires were flat. The vehicle had to be towed to the garage to be repaired. At the garage, claimant was informed that one of her wheels was also bent. Claimant testified that she did not know the hole was there. She testified that the last time she had travel ed County Route 39 in the same direction was approximately three months prior. Christopher Pittsenbarger, claimant’s fiancee, testified that he did not see the hole before claimant’s vehicle struck it. He also testified that the hole was approximately five inches in diameter and four to five inches deep. Claimant’s brother, Carl Adams, testified that the hole was approximately six to seven inches in diameter and four to five inches deep. He also testified that he travels this portion of highway often and that he did not recall this particular hole in the road. Claimant submitted a repair bill into evidence for the cost of the two tires in the amount of $132.39, and she submitted a repair estimate into evidence for the cost of a new wheel in the amount of $349.80. Thus, claimant seeks a total award of $482.19.
Claimant contends that respondent knew or should have known of this hole and that it presented a hazardous condition to the traveling public.
It is respondent’s position that it did not have notice of the hole or a reasonable amount of time to malee repairs, and that it was acting reasonably and diligently under the circumstances.
Edward Brown, assistant county supervisor for respondent in Nicholas County, is responsible for responding to complaints regarding the roads and for maintaining the roads in Nicholas County. Mr. Brown is familiar with this portion of County Route 39. He testified that County Route 39 is a first priority road and that it is a heavily traveled road. He stated that he or one of his two other assistants drive this road looking for holes and other hazards, especially during the winter months. He testified that there was a lot of bad weather during the winter of 2003, including heavy snow, freezing rain, and freeze thaw cycles. According to Mr. Brown, the weather conditions last winter caused the road foundations to deteriorate at a fast rate. Mr. Brown also stated that respondent had not received any prior complaints regarding holes in this portion of County Route 39. However, at some point in the middle of February 2003, one of his assistant’s did report to him that there were a few areas that needed repairs, but the location at issue was not mentioned as one of the areas in need of repairs. Regardless, Mr. Brown testified that weather conditions throughout February 2003 prevented respondent from applying cold mix patches to the surface of the highways.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 81 (W.Va. 1947). To hold respondent liable, the claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the *66 road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In this claim, the Court is of the opinion that respondent acted reasonably and diligently in maintaining County Route 39 especially during inclement weather. Claimant failed to establish that respondent had notice of the hole which her vehicle struck and a reasonable amount of time to take corrective action. While the Court is sympathetic to the claimant for her loss, there is insufficient evidence to establish that respondent was negligent.
Therefore, in view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.